UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
BRICKLAYERS AND ALLIED
CRAFTSMEN LOCAL UNION NO. 3,
        Plaintiff,


        v.                                      C.A. No. 13-138-ML

UNION STONE, INC.

and

NUZZO CAMPION STONE
ENTERPRISES, INC.
        Defendants.
```

**MEMORANDUM AND ORDER**

The Bricklayers and Allied Craftsmen Local Union No. 3 ("Local 3") seeks to enforce a labor arbitration award against Union Stone, Inc. ("Union Stone") pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Local 3 has brought this complaint (the "Complaint") against Union Stone as well as Nuzzo Campion Stone Enterprises, Inc. ("Nuzzo") on the ground that Nuzzo is Union Stone's alter ego or that the two entities comprise one single employer. The matter before the Court is Nuzzo's motion to dismiss the Complaint for lack of proper service and lack of subject matter jurisdiction.

**I. Factual Background and Procedural History**

Local 3 is a labor union and the authorized collective

bargaining representative for marble masons, tile layers, terrazzo mechanics, and similar professionals in Rhode Island and Massachusetts. Union Stone and Nuzzo are Rhode Island based employers in that field. Union Stone and Local 3 are parties to a collective bargaining agreement ("CBA") that provides for arbitration of disputes arising under the CBA. Local 3 submitted several charges against Union Stone in arbitration. On September 26, 2012, the Arbitration Board conducted a hearing on Local 3's charges. Although it had been given proper notice, Union Stone did not appear. On October 4, 2012, the Arbitration Board issued an arbitration award (the "Award") against Union Stone and awarded to Local 3 the sum of $156,867, which was due for payment no later than thirty days from issuance of the Award.

According to the Complaint, Union Stone did not make payment of the Award, nor did it file an action to vacate the Award. On March 1, 2013, Local 3 commenced an action against Union Stone and Nuzzo in this Court, seeking payment of the Award from Union Stone, together with pre-judgment interest, costs, and attorney's fees. With respect to Nuzzo, Local 3 asserts that Nuzzo is an alter ego of and/or single employer with Union Stone and it seeks enforcement of the Award against Nuzzo as well.

According to the affidavit of service submitted by Local 3,

Nuzzo was served on March 7, 2013 by certified mail.[1] On March 26, 2013, Nuzzo filed a motion to dismiss Count II of the Complaint on the grounds that (1) Nuzzo was not properly served with the Summons and Complaint, and (2) the claim against Nuzzo is a state claim in equity that fails to invoke this Court's jurisdiction. Subsequent to the filing of Nuzzo's motion, the summons as to Nuzzo was re-issued on April 1, 2013. Between April 8 and April 11, 2013, Local 3 unsuccessfully attempted to effect personal service on Nuzzo on five separate occasions.

On April 12, 2013, Local 3 submitted an objection to Nuzzo's motion, asserting that (1) service by certified mail was sufficient where Nuzzo (a) conceded it had actual notice of the claim against it, and (b) Nuzzo repeatedly sought to evade personal service. Local 3 also pointed out that the Arbitration Board concluded that Nuzzo is an alter ego of Union Stone and that the Board assessed damages against both entities. Further, it asserted that alter ego claims are subject to federal jurisdiction.

On April 16, 2013, Local 3 submitted an "Affidavit in Support of Plaintiff's Motion for Alternate Service,"[2] which details the Rhode Island State Sheriff's efforts to serve the summons and

---

[1] There is no indication that Union Stone has been served as of the date of this Memorandum and Order. A summons for Union Stone was reissued on April 16, 2013.

[2] No motion for alternate service was filed with respect to Nuzzo.

complaint on an employee at Nuzzo's office in Cumberland, Rhode Island. The Affidavit sets forth that the process server made several visits to Nuzzo's office and encountered an individual at that location who refused to give her name and repeatedly refused to accept service. (Docket # 5).

In Nuzzo's April 22, 2013 response to Local 3's objection to the motion to dismiss the Complaint, Nuzzo maintains that Local 3 has not completed proper service upon Nuzzo. Nuzzo asserts that Local 3 refused to provide a proper waiver and the papers to be filed to Nuzzo's counsel so he could accept service. Nuzzo also states that Count II seeks to hold Nuzzo liable for an arbitration award pursuant to an agreement that was not signed by Nuzzo.

## II. Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court applies the same standard of review which is applicable to motions under Rule 12(b)(6). Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the 'complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007)). The Court takes "the complaint's well-pled (*i.e.*, nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012)(internal citations omitted). The party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction. Skwira v. U.S., 344 F.3d 64, 71 (1st Cir.2003).

## III. Discussion

### A. Service of Process

The requirements for proper service on a domestic corporation are set forth in Rule 4(h) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(h), unless a waiver has been filed, the corporation must be served "(1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service can be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.

R. Civ. P. 4(e)(1).

Rule 4 of the Rhode Island Rules of Civil Procedure requires that service upon a private corporation, from which a waiver of service has not been obtained and filed, is to be made

> "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given." R.I. Super. Ct. R. Civ. P. Rule 4 (e).

It is apparent that Local 3's initial service to Nuzzo by certified mail was improper. Nuzzo is a domestic Rhode Island corporation which, in the absence of a waiver of service, had to be served personally. Nevertheless, it is also apparent that Nuzzo did receive the summons and complaint and that it responded thereto, addressing not only the question of proper service, but also this Court's jurisdiction over Local 3's claim against Nuzzo. Moreover, Local 3 subsequently attempted to effect personal service on Nuzzo and its chronicled efforts indicate that Nuzzo was deliberately trying to evade personal service.

It is true that actual notice, by itself, is insufficient to establish compliance with the requirement of personal service. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992)(noting that "[w]hen the defendant has received

actual notice of the action ... service of process requirements are to be "'broadly interpreted.'")(citation omitted). However, under the circumstances of this case, where the defendant has been apprised of the commencement and the subject of litigation, where a response has been made to the complaint with respect to issues beyond that of the adequacy of service, and where the defendant's repeated attempts at evading personal service are well-documented, the plaintiff's prior insufficient service on the defendant cannot serve, by itself, to provide a basis for dismissal of a complaint. See e.g., Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993)(citing United States v. Ayer, 857 F.2d 881 (1st Cir. 1988)(dismissal of lawsuit for defective service of process was not required where, *inter alia*, defective service did not prejudice defendant who had actual notice of service); Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 49-50, Civil 07-1863 (JA) (D.P.R. Mar. 11, 2010)(in determining "good cause" for failure to complete timely service, courts consider whether "the defendant has evaded service of the process or engaged in misleading conduct" and/or "the plaintiff has acted diligently to effect service.") See also Gambone v. Light-Rock Drywall Corp., 124 Fed. Appx. 78, 80 (3d Cir. 2005)("The two essential factors that justify relaxed personal service are i) the defendant's active evasion of service and ii) clear evidence that the defendant actually received the papers at issue when allegedly served.")

B. Subject Matter Jurisdiction

Local 3 asserts federal question jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. Section 301 provides federal district courts with jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...." 29 U.S.C. § 185(a). Generally, a federal district court has subject matter jurisdiction over the enforcement of arbitration awards. <u>Local 2322, Int'l. Bhd. of Elec. Workers v. Verizon New England, Inc.</u>, 464 F.3d 93, 96 (1st Cir. 2006)("Where a collective bargaining agreement includes an arbitration clause, the arbitration award is treated as a contractual obligation that can be enforced through a section 301 suit.")

In the Complaint, Local 3 alleges that Union Stone - which is a signatory to the CBA[3] with Local 3 - has refused to comply with the Abitration Board's Award. Local 3 further asserts that Nuzzo is an alter ego of and/or single employer with Union Stone and that, "as such, [Nuzzo] is liable for the Arbitration Award issued against [Union Stone.]" Complaint ¶ 16. In other words, Local 3 seeks enforcement of the award against Union Stone as a signatory to the CBA and against Nuzzo as alter ego of, or single employer with, Union Stone.

---

[3] The Complaint does not indicate that Nuzzo, itself, is a signatory to the CBA.

"A finding that two employers are alter egos will bind the nonsignatory to a collective bargaining agreement between the union and the nonsignatory's alter ego." Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 139 F.3d 304, 307 (1st Cir. 1998)(citing Nat'l Labor Relations Bd. v. Hosp. San Rafael, 42 F.3d 45, 52-53 (1st Cir. 1994); Penntech Papers, Inc. v. NLRB, 706 F.2d 18, 24 (1st Cir.1983)). Typically, an alter ego analysis is "applied where an employer attempts to avoid its obligations under a collective bargaining agreement and is particularly common in the context of successor employers, where the successor is "'merely a disguised continuance of the old employer,'" C.E.K. Indus. Mech. Contractors, Inc. v. N.L.R.B., 921 F.2d 350, 353 (1st Cir. 1990)(quoting Southport Petroleum Co. v. N.L.R.B., 315 U.S. 100, 106, 62 S.Ct. 452, 456, 86 L.Ed. 718 (1942)).

Similarly, the "single employer doctrine" may be applicable "in cases where 'liability is sought to be imposed on the legal employer by arguing that another entity is sufficiently related such that its actions ... can be attributable to the legal employer.'" Torres-Negron v. Merck & Co., Inc., 488 F.3d 34, 40-41 (1st Cir. 2007) (quoting Engelhardt v. S.P. Richards Co., 472 F.3d 1, 4 n. 2 (1st Cir.2006)). However, "[a] finding of single employer status does not mean that one business is bound by a union contract signed by another, absent an additional finding that the employees of each constitute a single appropriate bargaining unit." C.E.K.

Indus. Mech. Contractors, Inc. v. N.L.R.B., 921 F.2d at 353-354 (citing South Prairie Constr. Co. v. Local 627, Int'l Union of Operating Eng'rs, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976)).

A determination by this Court that Nuzzo is an alter ego of Union Stone would bind Nuzzo to the CBA as if it were a signatory thereto and make Nuzzo subject to enforcement proceedings under the Arbitration Award. Local Union No. 38, Sheet Metal Workers' Int'l Assoc., AFL-CIO v. Custom Air Sys., Inc., 357 F.3d 266, 268 (1st Cir. 2004)("A district court's independent determination of alter ego signifies that, for all relevant purposes, the non-signatory is legally equivalent to the signatory and is itself a party to the CBA.")

If, as Local 3 alleges in the Complaint, Nuzzo is an alter ego of, or single employer with, Union Stone, a determination of that assertion and of the extent of Nuzzo's obligations under the CBA, particularly with respect to the Arbitration Award, is properly subject to this Court's jurisdiction. Therefore, Nuzzo's motion to dismiss the Complaint for lack of subject matter jurisdiction must be denied.

## Conclusion

For the reasons stated herein, Nuzzo's motion to dismiss the

Complaint is DENIED.

SO ORDERED.

<u>/s/ Mary M. Lisi</u>

Mary M. Lisi
Chief United States District Judge

May 14, 2013