UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRICKLAYERS AND ALLIED
CRAFTSMEN LOCAL UNION NO. 3,
     Plaintiff,

     v.                                             C.A. No. 13-138-ML

UNION STONE, INC.

and

NUZZO CAMPION STONE
ENTERPRISES, INC.
     Defendants.

**MEMORANDUM AND ORDER**

    The Bricklayers and Allied Craftsmen Local Union No. 3 ("Local 3") brought this case to enforce a labor arbitration award (the "Arbitration Award") of $156,867 against Union Stone, Inc. ("Union Stone") pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The complaint (the "Complaint") names both Union Stone and Nuzzo Campion Stone Enterprises, Inc. ("Nuzzo") as defendants, alleging that Nuzzo is Union Stone's alter ego and/or that the two entities comprise one single employer. Nuzzo's motion to dismiss the Complaint for lack of proper service and lack of subject matter jurisdiction was denied on May 14, 2013. The matter is now before the Court on (1) Union Stone's motion to dismiss the Complaint on the ground that the Arbitration Award is barred by the statute of repose, R.I. Gen. Laws § 7-1.2-1324; and

1

(2) Local 3's motion to amend the Complaint to include a claim against David Corriveault ("Corriveault"), Union Stone's sole shareholder.

**I. Summary of Facts**

The facts and posture of this case have been set forth previously in connection with Nuzzo's motion to dismiss the complaint. See Bricklayers and Allied Craftsmen Local Union No. 3 v. Union Stone, Inc. and Nuzzo Campion Stone Enterprises, Inc., 2013 WL 2099494, C.A. No. 13-138-ML (D.R.I. May 14, 2013). Local 3 commenced action against Union Stone and Nuzzo on March 1, 2013 after Union Stone failed to make payment on the Arbitration Award issued against Union Stone on October 4, 2012 by the Arbitration Board. In the Complaint, Local 3 asserts that it brought grievance and arbitration proceedings against Union Stone under a collective bargaining agreement ("CBA") between the parties. Complaint ¶¶ 5, 6 (Dkt. No. 1). According to Local 3, Union Stone failed to appear at a hearing for which it was duly noticed and after which the Arbitration Board decided in Local 3's favor. Id. at ¶ 8. Local 3 alleges that Union Stone refused to comply with the award but took no action to have it vacated. Id. at ¶ 9. In addition, Local 3 alleges that both Union Stone and Nuzzo are owned, managed, and operated by the same individuals and that Nuzzo is liable for the Arbitration Award as an alter ego of and/or single employer with Union Stone. Id. at ¶¶ 11-13, 16.

After Nuzzo's motion to dismiss the Complaint for lack of proper service and lack of subject matter jurisdiction was denied, Nuzzo filed an answer to the Complaint, in which it admits that Union Stone and Nuzzo are owned by the same individuals. Further, Nuzzo asserts that "Union Stone, Inc. is not in legal existence." Nuzzo's Answer ¶ 12 (Dkt. No. 10). Nuzzo denies that it is an alter ego and/or single employer with Union Stone, id. at 3, and it takes the position that the Arbitration Award against Union Stone is "void for lack of notice, lack of proper factual findings, and by participation of biased board members." Id. at 3.

On July 18, 2013, Union Stone filed a motion to dismiss the Complaint (Dkt. No. 15) on the grounds that (1) the Arbitration Award is barred by the statute of repose because Union Stone's corporate charter was revoked more than two years prior to issuance of the award; and (2) Local 3's allegation that Union Stone and Nuzzo are owned, managed, and operated by the same individuals is unsupported by any facts.

On August 14, 2013, Local 3 filed a response in opposition to Union Stone's motion. (Dkt. No. 17).[1] The response was followed by Local 3's motion to amend the Complaint (Dkt. No. 18) on August 20, 2013, to which Nuzzo filed a response in opposition (Dkt. No. 19) on August 25, 2013. Local 3, in turn, filed a reply to Nuzzo's

---

[1] Union Stone did not file a reply to Local 3's objection.

response on September 3, 2013. (Dkt. No. 20).

Because both parties submitted materials outside the pleadings in support of their respective positions, the Court put the parties on notice that it would treat Union Stone's motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 21). In response, Local 3 submitted a supplemental memorandum (Dkt. No. 22), noting that Local 3 has not yet had an opportunity to conduct discovery on the alter ego claim. Pltf.'s Supp. Mem. at 2. On its part, Nuzzo submitted an affidavit by Corriveault, in which he asserts that, although he has always been the sole shareholder of Union Stone, he was never an officer, director, manager, or employee and "never personally conducted any business through Union Stone." Corriveault Affidavit at 1 (Dkt. No. 23).

## II. Standards of Review

### A. Motion to Dismiss

Rule 12 of the Federal Rules of Civil Procedure governs dismissal of a complaint. Fed. R. Civ. P. 12(b). A claim may be subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), *e.g.*, if the claim is barred by an applicable statute of limitations, or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Motions to dismiss under either subsection are reviewed under the identical standard. <u>Sanchez ex rel. D.R.-S. v. United States</u>, 671 F.3d 86, 107 (1st Cir.2012)(standard on a motion to dismiss for lack of subject

matter jurisdiction "is the same as is applied on a Rule 12(b)(6) motion"); Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 14 n. 10 (1st Cir.1999) ("The standard of review ... is the same for failure to state a claim and for lack of jurisdiction.").

In reviewing a motion to dismiss, the Court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. Cook v. Gates, 528 F.3d 42, 48 (1st Cir.2008); McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir.2006); Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir.2002). Although a complaint need not contain "detailed factual allegations," it is subject to dismissal if it fails to state facts sufficient to establish "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). However, the Court must ignore "conclusory allegations, improbable inferences, and unsupported speculation." Hostar Marine Transp. Sys., Inc., v. United States, 592 F.3d 202, 207 (1st Cir.2010).

Pursuant to Rule 12(b)(6), the Court "may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir.

2008)(citing <u>Garita Hotel Ltd. P'ship v. Ponce Federal Bank, F.S.B.</u>, 958 F.2d 15, 18 (1st Cir. 1992)). "At the discretion of the district court, a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling." <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d at 321; Fed.R.Civ.P. 12(d); <u>Garita Hotel</u>, 958 F.2d at 18.

Generally, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment," <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir.2001); <u>Diva's Inc. v. City of Bangor</u>, 411 F.3d 30, 38 (1st Cir.2005). However, "[u]nder First Circuit precedent, when 'a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged),' then the court can review it upon a motion to dismiss." <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d at 34 (quoting <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 17 (1st Cir.1998)).

In this case, Union Stone seeks to dismiss the Complaint by asserting that its authority to conduct business in Rhode Island was revoked prior to issuance of the Arbitration Award. In support of that contention, Union Stone submitted a copy of the October 20, 2008 Revocation Certificate. To counteract Union Stone's defense,

Local 3 submitted a copy of the Arbitration Award, which was expressly referenced in the Complaint, as well as a collection of documents that appear to reflect that, notwithstanding the revocation of its corporate charter, Union Stone continued to conduct business in Rhode Island well into 2012. Because Union Stone opened the door by asserting its statute of repose defense, the Court finds it necessary to consider the additional materials submitted by Local 3. However, since those materials are outside the pleadings (apart from a general statement that Union Stone conducts business in Rhode Island, see Complaint ¶ 3), the Court exercises its discretion to convert Union Stone's motion to dismiss the Complaint into a motion for summary judgment.

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Cortés–Rivera v. Dep't of Corr. & Rehab. of P.R., 626 F.3d 21, 26 (1st Cir.2010). A motion for summary judgment may be defeated if the nonmovant can demonstrate, "through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir.2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

B.   Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be "freely give[n] ... when justice so

requires." Fed. R. Civ. P. 15(a)(2). However, "[i]n appropriate circumstances — undue delay, bad faith, futility, and the absence of due diligence on the movant's part are paradigmatic examples — leave to amend may be denied." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir.2006)(citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In considering a party's request to amend, a court is required to "examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Palmer v. Champion Mortgage, 465 F.3d at 30-31.

**III. Discussion**

A. Union Stone's Motion to Dismiss the Complaint as converted by the Court to a Motion for Summary Judgment

1.  Statute of Repose

Union Stone seeks a dismissal of the Complaint on the ground that Union Stone's authority to conduct business in Rhode Island was revoked on October 20, 2008 and that the Arbitration Award is barred by the two-year statute of repose set forth in R.I. Gen. Laws §7-1.2-1324. Def.'s Mem. Mot. Dismiss at 1 (Dkt. No. 15-1)[2].

---

[2] In support of this contention, Union Stone has submitted a copy of the October 20, 2008 certificate issued by the Rhode Island Secretary of State which revokes Union Stone's "Certificate of Incorporation/Authority ... to transact business in this state," (Dkt. No. 15-3), as well a copy of an unpublished decision by a Rhode Island state court discussing the effects of Section 7-1.2-1324. Krupinski v. Deyesso, C.A. No. PB-07-3484 (R.I. Super. Apr. 10, 2013) (Dkt. No. 15-2).

8

Union Stone also asserts that the Complaint fails to allege any facts to support a cause of action for an "alter ego/single employer claim." Id. at 2.

In response, Local 3 contends that, because Union Stone never filed for dissolution of its corporate charter, the statute of repose is not applicable to this case. Pltf.'s Obj. at 1 (Dkt. No. 17). Specifically, Local 3 suggests that Krupinski v. Deyesso, the Rhode Island state case on which Union Stone relies, was incorrectly decided and that it is not controlling upon this Court. In addition, Local 3 points out that Union Stone continued to operate and transact business in Rhode Island after the Certificate of Revocation was issued. To support this contention, Local 3 has attached the affidavit of Paul Enos, Vice President and Field Representative of Local 3, together with a copy of the Arbitration Award (Dkt. No. 17-3) and a 25-page exhibit of Union Stone's business records, including Union Stone checks issued to Local 3; e-mail correspondence from Corriveault, its sole shareholder; payroll journals; and remittance reports. (Dkt. No. 17-4). The records bear various dates between 2010 and 2012. Id. Based on those submitted records, Local 3 also seeks leave from this Court to amend the Complaint in order to include claims against Union Stone's shareholders and/or officers on the basis that they acted on behalf of Union Stone after its corporate charter was revoked. Pltf.'s Mem. Obj. 4 (Dkt. No. 17-1).

R.I. Gen. Laws §7-1.2-1324, titled "Survival of remedy after dissolution," provides:

> The dissolution of a corporation either:
>
> (a) By the issuance of a certificate of dissolution by the secretary of state; or
>
> (b) By a decree of court when the court has not liquidated the assets and business of the corporation as provided in this chapter; or
>
> (c) By expiration of its period of duration; does not take away or impair any remedy available to or against the corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to the dissolution **if action or other proceeding on the right, claim, or liability is commenced within two (2) years after the date of the dissolution.** Any action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers have power to take any corporate or other action that is appropriate to protect the remedy, right, or claim. If the corporation was dissolved by the expiration of its period of duration, the corporation may amend its articles of incorporation at any time during the period of two (2) years so as to extend its period of duration. R.I. Gen. Laws §7-1.2-1324 (emphasis added).

Under this provision, "any claim asserted against a dissolved corporation must be brought within the statutory post-dissolution period for doing so; namely within two years of the dissolution." Theta Properties v. Ronci Realty Co., Inc., 814 A.2d 907, 912 (R.I.2003)(explaining that, "if a party fails to sue within the statutory period for doing so, there is no longer an entity that can sue or be sued, and any right of action against the corporation terminates.").

Relying on Theta Properties and the Rhode Island state court's decision in Krupinski, Union Stone argues that the claims against it are barred by the statute of repose in R.I. Gen. Laws §7-1.2-1324. However, a review of those cases shows that they are distinguishable from the facts asserted in this case. In Theta Properties, it was undisputed that the defendant corporation complied with the applicable Rhode Island statute and "voluntarily dissolved itself . . . by filing articles of dissolution with the Secretary of State." Theta Properties v. Ronci Realty Co., Inc., 814 A.2d at 915.

In Krupinski, as in this case, the Secretary of State issued a Certificate of Revocation of Incorporation/Authority to the defendant corporation, Scharnhorst, Inc. ("Scharnhorst"). Krupinski Decision at 6 (Dkt. No. 15-2). Concluding that the revocation of Scharnhorst's authority to do business rendered it "dissolved" for the purpose of applying § 7-1.2-1324, the state court dismissed any claims against Scharnhorst that were filed more than two years after the revocation. Id. The court noted that, although Scharnhorst's purported reinstatement had been raised, "an actual reinstatement is not before the Court because the Court is 'confined to the four corners of the complaint' on a motion to dismiss." Id. at 6-7. The court concluded that Scharnhorst was not properly reinstated and that "for purposes of this Motion to Dismiss, Scharnhorst remains an inactive corporation." Id. at 8.

The court noted that, "if Scharnhorst was properly reinstated, no part of § 7-1.2-1301 *et seq*. would apply." Id. at 8 n. 6.

In its objection, Local 3 suggests that Krupinski was incorrectly decided and is not controlling upon this Court. Pltf.'s Mem. 2 (Dkt. 17-1). In light of the factual assertions in this case, the question of whether the statute of repose applies to revoked as well as to properly dissolved corporations need not be addressed at this time. Local 3 has submitted evidence - thus far unchallenged, as Union Stone did not file a reply to Local 3's objection - that Union Stone continued to do business for years after its corporate charter had been revoked. Whether § 7-1.2-1324 affords protection against litigation to a corporation under these circumstances has not yet been answered and, without establishing the underlying facts regarding Union Stone's status, such a discussion would be premature. The Court is of the opinion, however, that, whether considered on a motion to dismiss or a motion for summary judgment, there are sufficient issues of material fact that warrant a denial of Union Stone's motion.

    2.   Alter Ego/Single Employer

Local 3 also rejects Union Stone's assertion that the Complaint fails to assert sufficient facts to support an alter ego/single employer claim. This argument requires no lengthy discussion. The Complaint expressly alleges that Union Stone and Nuzzo are owned, managed, and operated by the same individuals,

12

Complaint at ¶¶ 11-13; that they have the same or similar business purpose and clients; id. at ¶ 14; and that Nuzzo is an alter ego of and/or single employer with Union Stone. Id. at ¶ 15. Local 3 also points out that the Arbitration Award - which was not challenged by Union Stone following its issuance - was based on findings by the Arbitration Board that Nuzzo was an alter ego of Union Stone and that both were owned by Corriveault. Pltf.'s Mem. Obj. 7. As such, the allegations in the Complaint are sufficient to put Union Stone and Nuzzo on notice of the claims and to withstand Union Stone's motion. The outcome is no different when the motion is considered under the more stringent summary judgment standard. The nature of the relationship between Nuzzo and Union Stone remains a matter of factual dispute that precludes resolution by motion. In light of that determination, Local 3's request to conduct discovery on the alter ego claim prior to this Court's consideration of Union Stone's motion is moot.

B.   Local 3's Motion to Amend the Complaint

On its part, Local 3 seeks to amend the Complaint to include a corporate liability claim against Corriveault and to recover payment of the Arbitration Award. Amended Complaint ¶¶ 21-28 (Dkt. No. 18-2). In the proposed amended complaint, Local 3 alleges that, although Union Stone's corporate charter was revoked by the Rhode Island Secretary of State on October 20, 2008, Union Stone "continued to operate and performed business in Rhode Island after

2008." Id. at ¶¶ 23, 24. Local 3 further asserts that Corriveault owned and managed Union Stone during the time it became a party to the CBA and when the CBA was allegedly violated. Id. at ¶¶ 25, 26. Local 3 submits that Corriveault is liable for the Arbitration Award issued against Union Stone pursuant to R.I. Gen. Laws § 7-1.2-1801, which provides that "[a]ll individuals who assume to act as a corporation without authority so to do are jointly and severally liable for all debts and liabilities incurred or arising as a result of that action." R.I. Gen. Laws § 7-1.2-1801.

Nuzzo objects to the proposed amendment of the Complaint. Def.'s Obj. (Dkt. No. 19). Nuzzo notes that Union Stone, which was owned by Corriveault as sole shareholder, had its charter revoked in October 2008, but it suggests that Union Stone continued to "wrap up business into early 2009." Id. at 1-2. Nuzzo states that the proposed amended complaint does not allege that Corriveault "acted for Union Stone, Inc. when it did not have legal authority, breaching a contract or committing a tort for which liability should be imposed upon the [sic] him personally."  Id. at 2. According to Nuzzo, Local 3 "was not harmed by something David Corriveault did as 'Union Stone, Inc.' when it failed to have 'authority' as a corporation."  Id. at 3.

In its reply, Local 3 points to allegations in the proposed amended complaint which include that (1) Corriveault was the sole shareholder of Union Stone, Amended Complaint ¶ 22; (2) Union Stone

14

continued to operate and performed business in Rhode Island after its corporate charter was revoked in 2008, id. at ¶¶ 23, 24; and (3) Corriveault owned and managed Union Stone when it signed and allegedly violated the CBA. Id. at ¶¶ 25, 26.

It is well established law in Rhode Island that "individuals who enter into contracts on behalf of non-existent corporate entities are personally liable for the debt that is incurred." Kingfield Wood Products, Inc. v. Hagan, 827 A.2d 619, 623 (R.I. 2003); R.I. Gen. Laws § 7-1.2-1801. "Unlike the orderly dissolution of a corporation in which the principals are shielded from personal liability for actions taken during the winding up period . . . when a corporation's charter has been revoked, the principals of that corporation are exposed to liability and enter into contracts at their peril." Id. at 623-624 (citing Pepin v. Donovan, 581 A.2d 717, 717 (R.I.1990)).

Union Stone, as a defense to the claims against it, has now acknowledged - and has offered undisputed proof to that effect - that its corporate charter was revoked on October 20, 2008, see Mem. Mot. Dismiss at 1 and Ex. A thereto. Nuzzo, on its part, has asserted that Union Stone was "owned by David Corriveault as sole shareholder." Nuzzo's Obj. Mot. Amend. at 1 (Dkt. 19). Under those circumstances, and in the absence of any allegations of "undue delay, bad faith, futility, and . . . due diligence on the movant's part," see Palmer v. Champion Mortgage, 465 F.3d at 30, justice

15

requires that Local 3's motion to amend the Complaint be granted.

## Conclusion

For the reasons stated herein, Union Stone's motion to dismiss the Complaint is converted to a motion for summary judgment and, as such, it is DENIED. Local 3's motion to amend the Complaint in order to add a claim against David Corriveault is GRANTED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

October 17, 2013